Larry J. Kuznetz
Powell, Kuznetz & Parker, P.S.
220 West Main
Spokane, WA 99201
(509) 455-4151
(509) 455-8522 – facsimile

Attorneys for Plaintiff
TRACY N. STURCHIO

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

'JAN 30 2003

JAMES R. LARSEN, CLERK
_____DEPUTY,
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

TRACY N. STURCHIO, fka
RONALD L. STURCHIO

                    Plaintiff,

vs.

JOHN ASHCROFT, Attorney
General; MICHAEL J. GARCIA,
Commissioner of the Immigration
and Naturalization Service;
GUSTAVO DE LA VINA, Chief
Patrol Agent, United States
Border Patrol,

                    Defendants.

No C S - 03 - 0025 - R H W

COMPLAINT

COMES NOW, plaintiff, by and through her attorney, Larry J. Kuznetz, of Powell, Kuznetz & Parker, P.S. and for her cause of action against defendants, states as follows:

## I. JURISDICTION AND VENUE

1.1    This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. This court has jurisdiction pursuant pursuant to 28 U.S.C. § 1343(a)(3) and (4) and 42 U.S.C. § 2000e-5(f).

COMPLAINT - 1

LAW OFFICE OF
POWELL, KUZNETZ & PARKER
A PROFESSIONAL SERVICE CORPORATION
220 WEST MAIN AVENUE
SPOKANE, WASHINGTON 99201-0100
PHONE: (509)455-4151
FAX: (509)455-8522

1.2    The unlawful employment practices and other conduct alleged in this complaint were committed in Spokane County in the Eastern District of Washington.

## II.  PARTIES

2.1    Plaintiff TRACY N. STURCHIO is a transgender citizen of the United States and a resident of Spokane County, Washington.  Plaintiff is employed by the United States Border Patrol, an agency within the Immigration and Naturalization Service (INS).  The INS is an agency within the Department of Justice.

2.2    Defendant JOHN ASHCROFT, Attorney General is agency head of the Department of Justice (DOJ).

2.3    Defendant MICHAEL GARCIA, is agency head of the Immigration and Naturalization Service.

2.4    Defendant GUSTAVO DE LA VINA, Chief Patrol Agent, is agency head of the United States Border Patrol.

## III. ADMINISTRATIVE PROCEDURES

3.1    The plaintiff contacted the DOJ/INS Equal Employment Opportunity (EEO) Counselor on or about September 16, 2000, and participated in a final counseling interview on January 4, 2001.

3.2    On or about January 16, 2001, plaintiff received from the DOJ/INS EEO a "Notice of Right to File a Discrimination Complaint" entitling her to file a discrimination complaint with the DOJ/INS Office of EEO within 15 calendar days of her receipt of that notice.

3.3    Plaintiff timely filed a formal complaint of discrimination with the DOJ/INS Office of EEO on or about January 24, 2001.

3.4    Consequently, on or about October 18, 2001, plaintiff requested a final agency decision by the DOJ/INS on her complaint of discrimination.

COMPLAINT - 2

LAW OFFICE OF
POWELL, KUZNETZ & PARKER
A PROFESSIONAL SERVICE CORPORATION
220 WEST MAIN AVENUE
SPOKANE, WASHINGTON 99201-0100
PHONE: (509)455-4151
FAX: (509)455-8522

3.5    On or about October 25, 2001, the EEOC remanded plaintiff's complaint of discrimination to the DOJ/INS for final agency decision.

3.6    Over 180 days has passed and no final agency decision has been issued.

3.7    Plaintiff has satisfied all private, administrative and judicial prerequisites to institution of this action.

## IV.  FIRST COUNT

4.1    Plaintiff has been employed by defendant United States Border Patrol from 1991 until the present.  Plaintiff transferred to the Spokane, Washington detachment in July 1998.

4.2    As a Supervisory Telecommunications Specialist, plaintiff supervised a crew of four employees at the Spokane, Washington detachment of the Border Patrol.  Plaintiff's appearance is very effeminate due to accidental exposure to the female hormone estrogen and other unknown chemicals.

4.3    On or about February 2, 2000, two members of the crew, Robert Simer and Hal McCormick, also employees of the defendants, approached their union steward to conduct a survey of the 4-man crew regarding plaintiff's physical condition and feminine appearance.  On or about February 7, 2000, Senior Patrol Agent and Union Vice President Wayne Reome, an employee of defendants, conducted a survey as to whether employees were offended by plaintiff's appearance and whether plaintiff had approached any of them in a sexually suggestive manner.  Plaintiff reported this incident to her first line supervisor, Assistant Chief Patrol Agent Marvin Foust, an employee of defendants.  Mr. Foust told plaintiff that he had ordered Mr. Reome to stop any further solicitation of information.  However, Senior Patrol Agent Wayne Reome continued to conduct similar surveys with other employees of the agency.  Plaintiff also spoke with her second line supervisor, Deputy Chief Patrol Agent Loretta Lopez-Mossman, an employee of the defendants, about the incident.  She advised plaintiff to "get over it" and failed to take any other action.

COMPLAINT - 3

LAW OFFICE OF
**POWELL, KUZNETZ & PARKER**
A PROFESSIONAL SERVICE CORPORATION
220 WEST MAIN AVENUE
SPOKANE, WASHINGTON 99201-0100
PHONE: (509)455-4151
FAX: (509)455-8522

4.4    In early February 2000, David Moss, a member of the crew and an employee of defendants, informed plaintiff that fellow crew member Mr. Simer had a problem with plaintiff's feminine physical appearance.  Mr. Simer commented that plaintiff "should have an operation to remove her enlarged breasts or take something for the problem".  Mr. Simer also suggested that plaintiff cut her hair.

4.5    In February 2000, Mr. Simer began playing a radio station while at work that negatively referred to members of other races and religions, homosexuals, and transgender people.  The preaching implied that such people would go to hell.  On or around May 22, 2000, plaintiff notified Ms. Lopez-Mossman about the radio programming causing an intimidating, hostile and abuse working environment.  Plaintiff requested guidance about the sexual harassment policy.  Plaintiff never received a response to her inquiry.

4.6    In July 2000, Mr. Simer filed a complaint against plaintiff alleging misuse of a government vehicle, possession of border patrol badges, and taking home government equipment without authorization.  On one occasion, plaintiff had taken equipment home to repair.  The other claims by Mr. Simer were unfounded.  As a result of the allegations, plaintiff was relieved of her supervisory duties during an Office of Internal Affairs investigation from mid-July through September 2000.  Other supervisors similarly situated were not relieved of their duties pending an investigation.

4.7    On or around September 13, 2000, crew member Mr. McCormick handed plaintiff a business card that contained sexually explicit language.  Plaintiff believed the language to be a comment directed toward her because of her feminine physical appearance.  Plaintiff reported this incident to her supervisor, but again nothing was done.

4.8    During plaintiff's employment, she has been forbidden to discuss her medical condition or personal life while at work.  Other employees similarly situated have not been subject to this same restriction.

COMPLAINT - 4

LAW OFFICE OF
POWELL, KUZNETZ & PARKER
A PROFESSIONAL SERVICE CORPORATION
220 WEST MAIN AVENUE
SPOKANE, WASHINGTON 99201-0100
PHONE: (509)455-4151
FAX: (509)455-8522

4.9    On or around December 18, 2000, Mr. McCormick filed a complaint alleging that plaintiff had remarked that Mr. McCormick has AIDS.  The complaint was false and was based on Mr. McCormick's animus toward plaintiff due to her feminine physical appearance, and/or in retaliation after plaintiff filed an EEO complaint about Mr. McCormick's conduct regarding the sexually suggestive business card.

4.10    On or around December 20, 2000, Mr. McCormick bragged to plaintiff that he had immediate access to numerous assault weapons and thousands of rounds of ammunition.  At this same time, Mr. McCormick inquired of plaintiff repeatedly whether plaintiff was trying to get his job eliminated.  Plaintiff reasonably believed that Mr. McCormick's comments were a threat to the personal safety of herself and her family.

4.11    Mr. McCormick, Mr. Simer, Mr. Reome, and Mr. Foust have attempted to isolate plaintiff by questioning those individuals who have spoken with her to ascertain the subject of their conversations.

4.12    Mr. McCormick and Mr. Simer routinely circumvent Border Patrol policy, procedures, and chain of command.  They routinely ignore plaintiff's orders in an attempt to usurp plaintiff's supervisory authority.  Plaintiff reasonably believes that this is due to her physical appearance and Mr. McCormick and Mr. Simer's animus toward her based on her gender and physical appearance.

4.13    On August 30, 2002 plaintiff was alleged to have revealed personal information of a sexual nature about her physical appearance to an agent she was working with in the field.  Plaintiff was later suspended for three days and has denied the allegation.  Plaintiff has been very guarded regarding disclosure of any personal information and reasonably believes that the action taken was due to her gender and physical condition.

4.14    Plaintiff had received "outstanding" ratings on her performance work plans prior to 2000 and before she filed her EEO complaint.  Her performance

COMPLAINT - 5

LAW OFFICE OF
POWELL, KUZNETZ & PARKER
A PROFESSIONAL SERVICE CORPORATION
220 WEST MAIN AVENUE
SPOKANE, WASHINGTON 99201-0100
PHONE: (509)455-4151
FAX: (509)455-8522

work plan for 2000 and 2001 was rated as "fully successful" but the rating conducted by Mr. Foust for 2002 was designated as "minimally satisfactory". Plaintiff believes that Mr. Foust's rating was the result of animus toward her based on her gender and physical appearance.

4.15 Plaintiff has decided to undergo sex reassignment surgery. Part of the medical protocol requires that she live and dress as a woman. On or around October 4, 2002, plaintiff was informed that she was prohibited from wearing a dress to work and using the women's bathroom. A formal dress code policy had not been implemented at her place of employment. Plaintiff was the only employee subject to a dress code.

4.16 Plaintiff has been the subject of sexual harassment, discrimination on the basis of sex and gender stereotyping sufficiently severe and pervasive to alter conditions of plaintiff's employment. Such conduct has created a working environment that is offensive, intimidating, insulting, and abusive to her and interfered with her work performance. Defendants knew or had reason to know of such harassment, discrimination and gender stereotyping, but failed to take sufficient remedial action.

4.17 Defendants discriminated against plaintiff because of her gender in violation of Section 703(a) of Title VII by tolerating or failing to prevent the sexual harassment, discrimination and gender stereotyping, and by failing to take affirmative action to correct and redress these unlawful employment practices and conduct.

4.18 Plaintiff has suffered and is now suffering, and will continue to suffer emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as a direct result of defendants' conduct.

4.19 Defendants have acted maliciously or with reckless indifference to plaintiff's rights under Title VII.

COMPLAINT - 6

LAW OFFICE OF
POWELL, KUZNETZ & PARKER
A PROFESSIONAL SERVICE CORPORATION
220 WEST MAIN AVENUE
SPOKANE, WASHINGTON 99201-0100
PHONE: (509)455-4151
FAX: (509)455-8522

## V.  SECOND CLAIM

5.1    Plaintiff realleges paragraphs 1.1 through and including 4.19 of her First Claim.

5.2    Defendants' conduct constitutes unlawful discrimination based on plaintiff's sex and perceived sexual orientation as recognized by Executive Order 11478, as amended at Executive Order 13087, which prohibits discrimination in federal employment based on sex and sexual orientation.

## VI.  THIRD CLAIM

6.1    Plaintiff realleges paragraphs 1.1 through and including 4.19 of her First Claim.

6.2    Plaintiff realleges paragraphs 5.1 and 5.2 of her Second Claim.

6.3    Based on the treatment she received at work, plaintiff reasonably believed that she had been sexually harassed or discriminated against in violation of Title VII.  Plaintiff engaged in protected activity by complaining of the actions to her employer.

6.4    As a result of plaintiff's opposition to the harassment and discrimination, plaintiff suffered adverse employment actions in that she was subjected to supervisory suspension founded on false allegations from July through September 2000, and other adverse findings in her performance work plans for the 2000 – 2002 rating periods.

6.5    Defendants unlawfully retaliated against plaintiff in violation of Section 704 of Title VII because plaintiff had complained of what she reasonably believed to be sexual harassment and discrimination.

## VI.  JURY DEMAND

Plaintiff requests a trial by jury of all issues triable of right by a jury.

## VII.  RELIEF REQUESTED

Wherefore, plaintiff prays that this court:

COMPLAINT - 7

LAW OFFICE OF
POWELL, KUZNETZ & PARKER
A PROFESSIONAL SERVICE CORPORATION
220 WEST MAIN AVENUE
SPOKANE, WASHINGTON 99201-0100
PHONE: (509)455-4151
FAX: (509)455-8522

7.1   Declare that the employment practices complained of in this complaint are unlawful and violate Title VII.

7.2   Permanently enjoin the defendants and its agents, officers and employees from engaging in all practices found by this court to be in violation of Title VII.

7.3   Order the defendants to make plaintiff whole by paying lost wages, lost step increases, and expunging from agency records any adverse materials related to defendant's discriminatory practices including cancellation of any unwarranted personnel actions.

7.4   Award plaintiff $500,000 for compensatory and punitive damages, along with damages for mental anguish and emotional distress.

7.5   Retain jurisdiction over this action to insure full compliance with the court's orders and require the defendants to file such reports as the court deems necessary to evaluate such compliance.

7.6   Order the defendants to pay plaintiff's costs and disbursements incurred herein together with a reasonable attorneys fees; and

7.7   Such other and further relief as the court deems equitable and proper.

DATED this _30__ day of January 2003.

POWELL, KUZNETZ & PARKER, P.S.

By:_____
Larry J. Kuznetz, WSBA 8697
Attorney for Plaintiff

COMPLAINT - 8

LAW OFFICE OF
POWELL, KUZNETZ & PARKER
A PROFESSIONAL SERVICE CORPORATION
220 WEST MAIN AVENUE
SPOKANE, WASHINGTON 99201-0100
PHONE: (509)455-4151
FAX: (509)455-8522